IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRYAN ASHLEY BOWEN,** : | |
| Petitioner, : | Civ. No. 1:14-cv-0037 |
| : | |
| v. : | |
| : | Judge Rambo |
| **J.E. THOMAS, Warden,** : | |
| : | Magistrate Judge Saporito |
| Respondent. : | |

# **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge (Doc. 16) in which he recommends that Bryan Ashley Bowen's petition for a writ of habeas corpus be denied. The report and recommendation was filed on May 20, 2016, and objections were due on June 8, 2016 (14 days plus 3 days for mailing). On June 20, 2016, Bowen requested an extension of time to file objections. By order dated July 7, 2016 (Doc. 8), he was granted until July 22, 2016 to file objections. To date, none have been filed. For the reasons set forth below, the report and recommendation will be adopted.

**I.      Background**

Bowen is a federal prisoner currently incarcerated at USP Atwater, California. At the time of the filing of the petition, Bowen was incarcerated at USP Lewisburg, Pennsylvania. The events leading to the filing of the habeas petition occurred at USP Pollock, Louisiana.

Bowen was charged with possession of intoxicants and found guilty of that charge following a disciplinary proceeding, and received disciplinary measures. In his petition, Bowen alleges that the disciplinary hearing officer ("DHO") violated his Sixth Amendment right to have compulsory process for obtaining witnesses in his favor. He alleges that the punishment he received violated his Eighth Amendment right against cruel and unusual punishment. He alleges that the disciplinary proceedings violated his due process rights under the Fifth Amendment for the following reasons: the evidence was based on falsified information; the DHO refused to call a witness on his behalf; and the DHO report was delivered to him untimely which prevented him from taking a timely appeal.

## II. Discussion

The magistrate judge discussed the requirements that a prison disciplinary proceeding is required to meet: (1) written notice of the charges at least 24 hours prior to the hearing; (2) an opportunity to call witnesses and present documentary evidence; (3) an opportunity to receive assistance from a staff representative or fellow inmate; and (4) a written decision of the evidence relied upon. *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

The magistrate judge found that all of these requirements were met. Bowen does not dispute that he received timely written notice of the charges filed against him; that he declined the opportunity for assistance of staff; and that he received a

written notice of the decision. While Bowen alleges that he was denied the right to call a cell mate, which Respondent disputes, the magistrate judge addressed how the evidence implicated Bowen so that any failure to call a witness was not prejudicial. The magistrate judge also addressed the lateness of Bowen's receipt of the disciplinary report, noting that the respondent did not assert a procedural default defense on Bowen's failure to exhaust administrative remedies and that there is no constitutional right to administrative review of prison disciplinary proceedings. *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983). The magistrate judge discussed the disciplinary sanctions imposed upon Bowen and found that individually and collectively they did not violate the "standard and concepts of humanity and decency." (Doc. 16, pp. 10-11 (quoting *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992).)

### III.    Conclusion

In the absence of any refutation by Bowen of the thorough discussion of the magistrate judge's findings and conclusions, the report and recommendation will be adopted.

  s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: August 15, 2016